UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-302 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JOHNNY KIMBLE, ET AL | MAGISTRATE JUDGE HORNSBY |

---

### MEMORANDUM ORDER

Before this Court is a Motion in Limine (Record Document 203) filed by the Defendant, Bobby Lee Kimble ("Kimble"). The motion is opposed. See Record Document 220. For the following reasons, the motion is **DENIED**.

On September 24, 2010, the Grand Jury filed a multiple count indictment against Kimble and other defendants for Conspiracy to Commit Health Care Fraud, Wire Fraud, and Mail Fraud. [Record Document 1]. The Grand Jury indicted Kimble and several of the other defendants for substantive counts of Wire Fraud, Mail Fraud, and Health Care Fraud. [Record Document 1]. From this Court's understanding of the facts surrounding this case, the defendants are alleged to have staged numerous automobile accidents and made numerous fraudulent insurance claims.

According to Kimble,

> Counsel for the government has given notice that it intends to introduce evidence under Federal Rules of Evidence 404(b). In respect to defendant Bobby Lee Kimble government counsel references three incidents that he plans to offer:
>
> 1. On April 6, 2006 Bobby Lee Kimble claimed his unoccupied vehicle was struck by a hit and run driver.
> 2. On January 20, 2007 Bobby Lee Kimble claimed his truck was struck by a hit and run driver. He settled a property claim.

> 3. On February 16, 2008 Bobby Lee Kimble claimed that car was st[r]uck by [a] hit and run driver.
>
> Such evidence has no relevance to the crime of which defendant is charged, and Rule 404(b) does not provide an exception as to the admission of this evidence.

[Record Document 203 at 2].

The parties agree the evidence the government seeks to introduce is extrinsic and governed by FED. R. EVID. 404(b) and United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1994). According to the court in Beechum, "[f]irst, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403." Beechum, 582 F.2d at 911. FED. R. EVID. 403 states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The Fifth Circuit stated "as a predicate to a determination that the extrinsic offense is relevant, the Government must offer proof demonstrating that the defendant committed the offense. If the proof is insufficient, the judge must exclude the evidence because it is irrelevant." Id. at 912-13. "In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." Huddleston v. United States, 485 U.S. 681, 689, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

To exclude evidence under Rule 403, this Court must find that "the probative value of that evidence 'is *substantially* outweighed by the danger of unfair prejudice.'" United States v. Caldwell, 820 F.2d 1395, 1404 (5th Cir. 1987) (quoting FED. R. EVID. 403)

(emphasis added).  The Court notes "[t]he balancing of probative value against prejudicial effect is committed to the sound discretion of the trial judge, a decision that is final in the absence of abuse of discretion." United States v. Dula, 989 F.2d 772, 778 (5th Cir. 1993).

The Government stresses that "the main issues at trial will be whether the accidents were staged and did the defendants know the accidents were staged when they filed their claims." [Record Document 220 at 3].  Defendant argues "[t]he mere fact of prior accidents, without more, does not amount to admissible evidence." [Record Document 203-1 at 2].

"The three unindicted hit and run claims referenced about and in the government's Rule 404(b) notice are admissible to show intent, knowledge, and lack of accident, mistake, or inadvertance." [Record Document 220 at 5].  The Court is inclined to agree.  From its research, it has found one case in the Fifth Circuit that is binding precedent on this very issue.  See United States v. Floyd, 343 F.3d 363 (5th Cir. 2003).  In that insurance fraud case stemming from  staged accidents, the Fifth Circuit upheld the admission of evidence of the defendant's participation as an alleged victim in two earlier accidents outside the scope of the conspiracy. Id. at 368-69.  There the defendant challenged the admissibility of "extrinsic evidence of staged automobile accidents that occurred in Los Angeles and Houston during 1994 and 1995." Id. at 368.  That defendant stressed "the evidence was not relevant because there insufficient proof that Floyd committed those offenses" and "the evidence was improper character evidence and unduly prejudicial because its connection to Floyd's alleged illegal conduct in Dallas was purely speculative." Id. at 368.  Upon review, the Fifth Circuit held the government "submitted sufficient evidence to show that the Houston and Los Angeles accidents involved Floyd and that they were staged" and "the evidence concerning these accidents was relevant to Floyd's intent and knowledge of the

scheme." Id. at 368-69.

At this stage, the Court finds that the Government has presented enough to move forward with this evidence. First, the Court finds that the Government has presented enough evidence to show that the three unindicted accidents involved Kimble and given their temporal relationship to the entire conspiracy the Court is satisfied about their relevance. Secondly, the Court finds that these unindicted accidents go directly to Kimble's intent and knowledge of the alleged scheme to commit fraud. Finally, the Court realizes the evidentiary prejudice of this evidence, but "all probative evidence is by its very nature prejudicial." United States v. Powers, 168 F.3d 741, 749 (5th Cir. 1999). The Court finds that this prejudice does not outweigh its relevance and rise to the level of unfair prejudice. The Court fully intends to offer limiting instructions to the jury in an effort to limit the prejudicial impact of this evidence.

For the foregoing reasons,

**IT IS THEREFORE ORDERED AND ADJUDGED** that Kimble's Motion in Limine (Record Document 203) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 15th day of June, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE