**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

---

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-302 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JOHNNY KIMBLE, ET AL | MAGISTRATE JUDGE HORNSBY |

---

### MEMORANDUM ORDER

Before this Court is a Motion to Bar the Introduction of Evidence (Record Document 218) filed by the Defendant, Damario Henderson ("Henderson"). Defendant Joe Abbott ("Abbott") has moved to adopt the motion. [Record Document 227]. The motion is opposed. See Record Document 229. For the following reasons, the motion is **DENIED**.

On September 24, 2010, the Grand Jury filed a multiple count indictment against Henderson and other defendants for Conspiracy to Commit Health Care Fraud, Wire Fraud, and Mail Fraud. [Record Document 1]. Henderson was indicted for Conspiracy (Count One) and Health Care Fraud (Count 40). [Record Document 1]. From this Court's understanding of the facts surrounding this case, the defendants are alleged to have staged numerous automobile accidents and made numerous fraudulent insurance claims.

According to Henderson,

> As part of the discovery furnished to Defendant's mention has ben [sic] made as to investigations being made and information being obtained from the National Insurance Crime Bureau and the use of databases maintained by this entity.
>
> That the use of such evidence and/or testimony concerning it would violated Defendant's right to confrontation under the Sixth Amendment and would be hearsay.

> That it would be improper to allow the admission of such evidence and/or testimony without subjecting it to an evaluation under Daubert and/or Federal Rule of Evidence 702.

[Record Document 218 at 1-2]. From this Court's review of the briefs, it appears that if there will be a mention of the data from the National Insurance Crime Bureau ("NICB") it will come from the testimony of Trooper Huey. See Record Document 229.

Specifically, the Government notes:

> The government will call Trooper Huey to testify regarding, *inter alia,* the sequence of events that triggered his investigation. Specifically, Trooper Huey will testify that in May 2008, he received a complaint from a representative of an insurance company. The representative complained of a suspected insurance fraud ring operating in the Claiborne Parish area. Trooper Huey was provided names which included some of the above-captioned defendants.
>
> Trooper Huey performed a claims history search using the NICB database discussed above. The claims history report generated from the search queries indicated that some of the defendants had been involved in other accidents wherein claims were filed. Trooper Huey then requested copies of the claims files from the insurers identified in the claims history report. After Trooper Huey reviewed the claims files provided by the insurers, Trooper Huey conducted further investigation, which included interviewing some of the above-captioned defendants.

[Record Document 229 at 3]. The Government assures the Court that "Trooper Huey's direct examination regarding the background of his investigation will be brief and not saturated with detailed information." [Record Document 229 at 4].

First, the Fifth Circuit has made it clear that "[t]estimony describing an investigation's background should not be needlessly objected to on hearsay grounds where it goes only to how police investigated a crime rather than the truth of the matter asserted." United States v. Dunigan, 555 F.3d 501, 507 (5th Cir. 2009). The Court agrees. This Court has

consistently held that investigation background information is admissible "as background evidence for the limited purpose of explaining the actions of the investigators." United States v. Theus, 2007 WL 38351, *2 (W.D. La. 2007). See also United States v. Theus, 2006 WL 3772279 (W.D. La. 2007) and United States v. Robinson, 2006 WL 3772280 (W.D. La. 2006). This case and the evidence proffered by the Government from NICB is no different. Finally, Trooper Huey is not being proffered as an expert witness, merely a fact witness, and the Court finds Daubert inapplicable in this situation.

The Court finds that the references to NICB data are admissible for the limited purpose of providing investigative background information. If the government intends to introduce the evidence for any other purpose during trial, the parties may address the issue at sidebar with the Court. Any undue prejudice such evidence may cause can be countered with limiting instructions to the jury and by an appropriate cross-examination by Defense counsel.

For the foregoing reasons,

**IT IS THEREFORE ORDERED AND ADJUDGED** that Henderson's Motion to Bar the Introduction of Evidence (Record Document 218) be and is hereby **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Abbot's Motion to Adopt the Motion (Record Document 227) be and is hereby **GRANTED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 24th day of June, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE