UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 10-cr-00302 (02) |
| versus | JUDGE HICKS |
| BOBBY LEE KIMBLE | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Defendant Bobby Lee Kimble is a 40 year old male charged with conspiracy, wire fraud, and health care fraud in connection with automobile accidents. He suffers from mild to moderate mental retardation with an IQ between 55 and 58. The issue before the court is whether Defendant is competent to stand trial. An evidentiary hearing was held before the undersigned on May 15, 2012. For the reasons that follow, the undersigned recommends that Defendant be found not competent to stand trial.

**Applicable Law**

A criminal defendant may not be tried unless he is competent. Pate v. Robinson, 383 U.S. 375, 378 (1966); Washington v. Johnson, 90 F.3d 945, 949-950 (5th Cir. 1996). An erroneous determination of competence threatens a fundamental component of our criminal justice system -- the basic fairness of the trial itself. Cooper v. Oklahoma, 517 U.S. 348, 364 (1996).

In Dusky v. United States, 362 U.S. 402, 402 (1960), the Supreme Court established the following test for competency: "Whether [the defendant] has sufficient present ability to

consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding of the proceedings against him." See also Carter v. Johnson, 131 F.3d 452, 459 (5th Cir. 1997); Moody v. Johnson, 139 F.3d 477, 480-481 (5th Cir. 1998). In Drope v. Misssouri, 420 U.S. 162, 171 (1975), the court added an additional element to the test of compentency – the defendant must be able to "assist in preparing his defense." Thus, to be competent, a defendant must:

1. Be able to consult with his lawyer with a reasonable degree of rational understanding;

2. Be able to otherwise assist in his defense;

3. Have a rational understanding of the criminal proceedings; and

4. Have a factual understanding of the proceedings.

A hearing on the issue of competency must be held if there is reasonable cause to believe the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241. Mental retardation may render an individual incompetent to stand trial. United States v. Forrest, 2010 WL 4626089 (W.D. La. 2010), citing ABA Criminal Justice Mental Health Standards, Section 7.4(b).

The defendant is entitled to court appointed counsel at the hearing, the opportunity to testify and present evidence, to subpoena witnesses on his own behalf, and to confront and cross-examine the witnesses who appear at the hearing. § 4247(d). If, after the hearing, the

court finds by a *preponderance of the evidence* that the defendant is presently suffering from a mental disease or defect rendering him incompetent, the court is required to commit him to the custody of the Attorney General for treatment in a suitable facility. § 4241(d).

## Analysis

### A. Relevant Facts

There is no question that Defendant suffers from mild to moderate mental retardation. His intelligence is significantly below average. The records show that he has an IQ of between 55 and 58. (The average IQ of the population is 100.) Defendant's answers to questions on the IQ test were consistent with those given by preschool and early grade-school children.

Defendant was in special education beginning in the first grade. He quit school when he was about 20 years old. He does not possess a 6th grade reading ability. He has cognitive limitations and physical problems from a serious car accident in 2001. His concentration and long-term memory are impaired. He cannot identify his daily pain medicines, and he denies having a primary physician.

Defendant received a score of 55 on the Global Assessment of Functioning ("GAF") test, which measures the extent of his impairment in various areas of functioning. A GAF of 51-60 reflects "moderate symptoms" or moderate difficulty in social, occupational or school functioning (i.e., few friends, conflicts with peers or co-workers). Defendant has never lived alone, and currently resides with his parents. His father manages his money (SSI benefits).

**B. Competing Expert Opinions**

The determination of Defendant's competency, or lack thereof, to stand trial is a particularly difficult one for the court, because of conflicting conclusions from two highly regarded experts: Dr. George Seiden and Dr. Glenn Ahava. Dr. Seiden is a physician specializing in psychiatry and forensic psychiatry. It is Dr. Seiden's opinion that Defendant is not competent to stand trial. Dr. Ahava is a clinical and forensic psychologist. Dr. Ahava opines that Defendant is competent to stand trial.

Dr. Seiden found that Defendant did not understand his constitutional rights. Defendant stated that the right to remain silent meant "You're under arrest." He did not believe he had a right to a lawyer during questioning, and he could not understand why he would want to have an attorney present during questioning. Defendant believed that, if he did not answer questions, he would go to jail.

Dr. Seiden also found that Defendant did not understand the role of the courtroom participants. Defendant stated that the role of the U.S. Attorney was to "sentence you." He could not explain the role of a jury. He also could not explain the concept of a plea bargain.

Dr. Seiden notes that at least some of Defendant's impairment is remediable with proper education; however, Defendant's concentration and cognitive impairments are not remediable. The undersigned interprets this to mean that (and by way of example), while Defendant may be taught that he has the right not to testify, he cannot intelligently exercise or waive that right.

Dr. Ahava administered several additional psychological tests to Defendant. His

report and testimony at the hearing share many similarities with the findings by Dr. Seiden. Dr. Ahava agrees that Defendant likely meets the criteria for Mild Mental Retardation and that Defendant has been enduring cognitive limitations from the 2001 car accident. However, Dr. Ahava believes that, if certain basic accommodations can be made, "the defendant appears to possess the knowledge and ability to proceed to trial." Dr. Ahava's proposed accommodations are:

1. Requiring court hearings to be shorter in duration;

2. Require Defendant to obtain all of his pain medication from one (and only one) primary care physician [this would allow coordination and control over the medications];

3. Require Defendant to take his pain medication at prescribed intervals during the proceedings;

3. Require that all communications between the court and Defendant be pursued in the simplest language possible; and

4. Require that Defendant repeat back, in his own words, those provisions of the communications that are central to the topic at hand.

## Conclusion

Dr. Ahava's proposed accommodations, particularly the last two, are not realistic in this case. This is a multi-defendant conspiracy case. It is unreasonable to attempt to require that witnesses, counsel, and the court use overly simplistic language during the trial. It is

also unreasonable and impractical to stop the trial frequently so that Defendant can repeat trial testimony back to his counsel in his own words to ensure that Defendant has a clear understanding of the proceeding.

The issue is close, but the evidence satisfies the undersigned that Defendant is not competent to stand trial at this time. Defendant does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; he does not understand his constitutional rights; he cannot make a knowing and voluntary waiver of his rights; he does not have a rational or factual understanding of the proceedings against him; he does not understand the nature and consequences of the proceeding; and he cannot assist in his defense.[1]

Accordingly;

**IT IS RECOMMENDED** that Defendant Bobby Lee Kimble be found not presently competent to stand trial;

**IT IS FURTHER RECOMMENDED** that Defendant Bobby Lee Kimble be committed to the custody of the Attorney General for restoration of competency at a medical referral center, for a reasonable period, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that Defendant will in the foreseeable future attain the capacity to stand trial. 18 U.S.C. § 4241(d)(1). Because Defendant is on bond, and he is not considered a danger to himself or others, he should be allowed to self-

---

[1] Defendant's brother, Johnny Kimble, a co-defendant, has also been found not competent to stand trial based on stipulated medical reports. Docs. 338-339. Of course, a defendant's competency to stand trial is a particularly individualized determination.

report to the U.S. Marshal.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **fourteen (14) days** from the date of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted. A party may respond to another party's objections within **seven (7) days** from the filing of the objections. Counsel are directed to furnish a paper courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, on May 22, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE